UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY HUNTER,

    Petitioner,

v.                                            CASE NO. 5:12-cv-369-Oc-33PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## **ORDER**

THIS CAUSE is before the Court on Petitioner Gregory Hunter's ("Petitioner") petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1), Respondents' response to the petition (Doc. 6), and Petitioner's reply to the response and supplement to the reply (Docs. 10 & 11). For the following reasons, the Court concludes that the petition is untimely and must be dismissed.

### *Procedural History*

Petitioner was charged by amended information with kidnapping while armed (count one), burglary of a dwelling with battery (count two), aggravated assault with a deadly weapon (count three), and violation of a domestic violence injunction (count four). A jury found Petitioner guilty as charged of counts two and four and guilty of the lesser-included offenses of kidnapping and assault as to counts one and three respectively. The trial court sentenced Petitioner to twenty-five year terms of imprisonment for the kidnapping and burglary convictions and to sixty-day terms of imprisonment for the assault and violation of a domestic violence injunction convictions with all sentences to run concurrently.

Petitioner appealed his convictions. The Fifth District Court of Appeal of Florida affirmed *per curiam* on August 10, 2010. (App. F at 58.)

On July 22, 2011, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.[1] The state court denied the motion, and Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed *per curiam.* (App. G at 208.) Mandate issued on March 2, 2012. (App. G at 209.)

Petitioner filed the instant habeas petition on June 26, 2012. (Doc. 1.)

### *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

      (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the Fifth District Court of Appeal of Florida entered its order of affirmance on direct appeal on August 10, 2010. Petitioner then had ninety days, or through November 8, 2010, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on November 8, 2010, and Petitioner had through November 8, 2011, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).

Petitioner filed a Rule 3.850 motion on July 22, 2011. At that time, 256-days of the

---

[2]Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).


one-year time limitation for filing a federal habeas petition had expired. Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceeding. The time began to run again on March 2, 2012, when mandate issued on the appeal of the denial of Petitioner's Rule 3.850 motion. At that time, Petitioner had 109-days remaining in which to timely file his petition or through June 19, 2012. The petition, however, was not filed until July 25, 2011. Thus, the instant petition was not filed within the one-year limitation period.

In his Reply, Petitioner argues that he is entitled to equitable tolling of the one-year limitation period. (Doc. 10 at 2-3.) In support of his argument, Petitioner asserts that the following circumstances warrant equitable tolling : (1) his sixth grade educational level, (2) inadequate assistance from post-conviction counsel and prison law clerks, and (3) the destruction of his legal documents by prison staff. *Id.* Petitioner notes that he was advised by counsel and prison law clerks that his one-year limitation period for filing a federal habeas petition would begin to run after the two-year period expired for filing his state post-conviction motion. *Id.* at 3.

The Supreme Court of the United States has held that the AEDPA's one-year statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DeGuglielmo,* 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'" *Id.* at 653 (internal quotations and citations omitted). To show

extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). The petitioner bears the burden of establishing the applicability of equitable tolling. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner's allegations simply do not rise to the level of an extraordinary circumstance beyond his control which warrants equitable tolling of the one-year period set forth in § 2244(d). First, Petitioner's sixth grade education level does not qualify as an extraordinary circumstance to warrant equitable tolling. Petitioner does not explain how his lack of education "prevented him from exercising due diligence or otherwise allege a causal connection between his alleged mental impairment and his failure to file a timely" habeas petition. *Doe v. United States*, 469 F. App'x 798, 800 01 (11th Cir. 2012) (citing *Lawrence*, 421 F.3d at 1226-27). Despite Petitioner's educational level, he was able to timely file and litigate a state post-conviction motion.

Similarly, Petitioner's contention that he was provided erroneous information from post-conviction counsel and prison law clerks regarding the time for filing the instant petition does not establish an extraordinary circumstance to justify equitable tolling. The Eleventh Circuit Court of Appeals has held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481-82 (11th Cir. 2014). The conduct alleged by Petitioner regarding his post-conviction counsel does not demonstrate abandonment of the attorney-client relationship, but instead reflects at best negligence. Likewise, a prison law clerk's improper

advice does not warrant equitable tolling. *See, e.g., Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (inadequacy of services of inmate law clerk who assisted drafting the habeas petition did not entitle petitioner to equitable tolling of limitations period); *Armand v. Strack*, No. CV 98-6650, 1999 WL 167720, at *4 (E.D.N.Y. Feb. 19, 1999) (allegations that petitioner received poor legal advice and was unable to receive full assistance from the library staff were insufficient to justify equitable tolling).

Finally, Petitioner's contention that his legal papers were destroyed does not justify equitable tolling. Petitioner was able to pursue state post-conviction relief despite the destruction of his documents, and he has not shown that the destruction of his documents prevented him from timely filing the instant petition. *See, e.g., Paulcin v. McDonough,* 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin asserted only the conclusory allegation that he was denied access to the [law] library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding."); *Dodd v. United States*, 365 F.3d 1273, 1282B83 (11th Cir. 2004) (stating "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (one-year limitations period is not equitably tolled based on prison lockdowns or misplacement of legal papers). In sum, Petitioner has not established a causal connection between his separation from his legal documents and his late filing of his federal habeas petition. Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to

close this case.

    ORDERED at Ocala, Florida, on January 20, 2015.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Gregory Hunter
Counsel of Record